[No. 29036.   Department One.   May 4, 1943.]

THE STATE OF WASHINGTON, *on the Relation of Ray W. Hays, Plaintiff*, v. JOHN M. WILSON, *as Judge of the Superior Court for Thurston County, Respondent.*[1]

*Harry Ellsworth Foster* and *Harold Troy (C. D. Cunningham,* of counsel), for relators.

*E. W. Anderson,* for respondent.

MILLARD, J.—On application of thirteen members of the police force of the city of Olympia, the superior court for Thurston county issued an order requiring the members of the city commission of the city of Olympia, and the members and executive secretary of the civil service commission of the city of Olympia,

[1]Reported in 137 P. (2d) 105.

to show cause why they should not be permanently enjoined from proceeding further in effectuating the announced purpose of the mayor of the city of Olympia to appoint a resident of the city of Walla Walla chief of police of the city of Olympia. The relators alleged that the mayor of the city of Olympia made a public proclamation that he proposed to appoint Roy L. Kelly, a resident of Walla Walla, chief of police of the city of Olympia, subject to a successful passage of an examination by the civil service commission of the city of Olympia, which is contrary to Laws of 1937, chapter 13, p. 23, §§ 4 to 7, inclusive (Rem. Rev. Stat. (Sup.), §§ 9558a-4 to 9558a-7 [P. C. §§ 896-104 to 896-107]), which provides that an applicant for a position of any kind under civil service must have been a resident of the city, in which the appointment is made, for at least one year prior to his appointment.

Summarized, the allegations of respondent's answer are as follows: There are several vacancies in the civil service classification of police patrolman. The civil service commission proposes to give to Roy L. Kelly the usual and customary examination for that classification, as required by, and in accordance with, the provisions of the civil service statute (Laws of 1937, chapter 13) and rules and regulations adopted pursuant to the statute, to ascertain the qualifications of Kelly for the position of police patrolman. If Kelly passed the examination, he would be eligible, subject to relevant provisions of Laws of 1937, chapter 13, and rules and regulations adopted pursuant thereto, "to apply for examination for placement on the eligible list for the position of chief of police." Any proclamation which was made by the mayor respecting the appointment of Roy L. Kelly, as chief of police, was made subject to the foregoing qualifications and limitations. Kelly has not been a resident of the city of Olympia

for a period of one year, but such residence is not a condition precedent to his right to take the proposed civil service examination.

The hearing on relators' application for a permanent injunction resulted in dissolution of the temporary injunction theretofore issued in the cause and the entry of an order dismissing the action. The reason given by the trial court for that disposition of the cause was that Laws of 1937, chapter 13, § 7 was repealed by Laws of 1941, chapter 25, p. 59 (Rem. Supp. 1941, § 9213-3), in so far as residential qualifications for position of chief of police are concerned.

In this court, by original proceeding in certiorari, the relators seek review of the order denying their petition for an injunction.

■ The question whether the statutory provision (Laws of 1937, chapter 13, § 7, Rem. Rev. Stat. (Sup.), § 9558a-7) respecting the residential qualifications of applicants for positions in a police department under civil service is repealed by Laws of 1941, chapter 25, is not before us. The order dismissing the action must be affirmed in conformity to the rule that to enable one to maintain a cause of action to enforce private rights he must show that he has some real interest in the cause of action.

"His interest must be a present, substantial interest, as distinguished from a mere expectancy, or future, contingent interest, and he must show that he will be benefited by the relief granted." 39 Am. Jur. 860.

Relators brought this action as members of the police department of the city of Olympia on the theory that their rights would be jeopardized if Kelly, whom they claim is ineligible for appointment as chief of police, were permitted to take the examination for appointment as a patrolman. This presents a different question than would have been raised if relators had

instituted this action as taxpayers to restrain the expenditure of funds of the city in payment of the salary of an ineligible patrolman.

■ It is incumbent upon one who seeks relief by temporary or permanent injunction to show a clear legal or equitable right and a well-grounded fear of immediate invasion of that right. Relators have not made such showing.

■ Relators will not sustain any injury to their rights as patrolmen by the appointment of Kelly as a patrolman. Under the statute (Laws of 1937, chapter 13), no appointment as chief of police may be made until competitive tests have been held to determine the relative qualifications of persons who seek such appointment; that is, no appointment of a chief of police may be made until an eligible list is available. When a vacant position is to be filled, the civil service commission certifies to the appointing authority, on written request therefor, the name of the person highest on the eligible list for the position in question. Even if Kelly, or certain of the relators, attained places on the eligible list none could be assured of appointment as chief of police.

If and when the rights of any of the relators are threatened by the proposed appointment, from an eligible list established for that purpose, of Kelly as chief of police, such rights may be protected by an appropriate action from invasion.

"An injunction will not issue to protect a right not in esse and which may never arise." 32 C. J. 35, § 14.

See, also, 32 C. J. 42, § 22; 28 Am. Jur. 222, 223, § 29. For the reasons given, the order is affirmed.

BEALS, STEINERT, JEFFERS, and GRADY, JJ., concur.