## 49963. CARPENTER v. CORNWELL et al.

PANNELL, Presiding Judge.

1. "One partner can not execute a deed conveying partnership realty, which will be binding on the firm. *Drumwright v. Philpot,* 16 Ga. 424 (60 AD 738); *Sutlive v. Jones,* 61 Ga. 676; *Turner v. Printup,* 65 Ga. 71." *Godley v. Hinely,* 165 Ga. 717, 719 (1) (142 SE 86). Such conveyance, however, conveys the individual interest of the partner in the realty who executed and delivered the deed; subject, however, to the right of creditors of the partnership. *Taylor v. McLaughlin,* 120 Ga. 703, 706 (3) (48 SE 203).

2. The jury was authorized to find in the present case

that partners Cornwell and Wilkinson were owners of a one-half interest each in real estate pursuant to a partnership agreement between them, and the real estate was the only partnership asset, and partner Wilkinson, without the knowledge or consent of Cornwell, and in the name of the partnership, conveyed the real estate to Carpenter, and Carpenter made such purchase with full knowledge of the existence of the partnership and the terms of the partnership agreement, which gave one partner the first right to purchase the interest of the other in the partnership assets. Accordingly, the purchaser Carpenter took no title to the real estate as against the one-half interest of Cornwell and took title to the one-half interest of Wilkinson subject to the rights of the creditors of the partnership.

3. A sale of the realty was had by order of the court pending the litigation between Cornwell as the plaintiff and Wilkinson and Carpenter as the defendants, wherein Cornwell sought damages against both Wilkinson and Carpenter and recovery of partnership debts owed to Cornwell. Both Wilkinson and Carpenter filed counterclaims against Cornwell. The proceeds of the sale, less certain deductions about which no contest is had, were deposited in the registry of the court in the amount of $11,310.45. The jury, by separate verdicts, found identical sums ($5,512.19 each) against Wilkinson and Carpenter in favor of Cornwell (the form of the verdicts was agreed to by the parties). The combined verdicts were less than the funds then in court. The court ordered the funds distributed in payment of the two verdicts, the court cost, and the balance remaining to Carpenter.

This appeal is from the overruling of a motion for new trial on the general grounds and error is enumerated on the overruling of this motion, and to a charge of the court and a failure to charge. There was no enumeration of error on the judgment of the court. The only question raised in argument to this court in the present appeal, other than those relating to the charge of the court, is whether the purchaser, Carpenter, is entitled, as a matter of law, to one-half of the proceeds of the sale. No attack or argument in the brief was made on the jury's verdict as to the amount thereof or its impropriety for any other reason.

We must assume, therefore, that the verdicts were authorized by the evidence. There was no error in distributing the funds being held in payment of the judgments as against appellant Carpenter's contention that he was entitled to one-half of the proceeds. The funds being in a court with equity powers, the court was authorized to subject Carpenter's share of the proceeds to the judgment obtained against him in that action. We, accordingly, must affirm the judgment of the trial court distributing the proceeds obtained from the sale of realty to the satisfaction of the judgments against Wilkinson and Carpenter, Carpenter being the only party complaining of the distribution made.

4. There being no objection in the trial court to the charge or the failure to charge, as contended, no question for decision thereon is presented this court. Section 16 of the Appellate Practice Act (Ga. L. 1965, p. 18, 31) as amended by Section 9 of the Act of 1968 (Ga. L. 1968, pp. 1072, 1078; Code Ann. § 70-207).

*Judgment affirmed. Quillian and Clark, JJ., concur.*

ARGUED JANUARY 9, 1975 — DECIDED JANUARY 30, 1975.

*Gross, Stowe & Shepherd, Millard B. Shepherd, Jr.,* for appellant.

*McClure, Ramsay & Struble, Robert B. Struble,* for appellee.

