[No. 36252-0-II.   Division Two.   May 13, 2008.]

ARTHUR S. WEST, *Appellant*, v. THURSTON COUNTY ET AL., *Respondents*.

574

*Arthur S. West*, pro se.

*Marc Rosenberg* (of *Lee Smart, PS*) and *Michael A. Patterson* (of *Patterson Buchanan Fobes Leitch & Kalzer, PS*), for respondents.

¶1 ARMSTRONG, J. — Arthur West sought public disclosure of records of the defendant law firm's billings to Thurston County (County). West also sued the law firm for breach of its contract with the County. The trial court dismissed both claims and West now appeals. We affirm dismissal of the contract action because West was not a party to the contract and thus lacked standing. But we reverse the dismissal of the public disclosure claim. West was entitled to the nonprivileged parts of the firm's billings, and although the County produced the records, it did so only after West sued to compel production. Accordingly, West is entitled to costs and penalties for the County's failure to timely produce the records, and we remand for a determination thereof.

FACTS

¶2 Relying on the Public Records Act, chapter 42.56 RCW, Arthur West asked Thurston County for copies of the attorney fee invoices submitted by Lee, Smart, Cook, Martin & Patterson, PS, Inc., for its defense of the County in *Broyles v. Thurston County*, No. 04-2-00411-3 (Mason County Super. Ct. Wash. Mar. 26, 2007). When the County refused his request, West sued the County, the Lee Smart firm, and Michael Patterson, an attorney with Lee Smart who represented the County in the *Broyles* case. West alleged claims of breach of contract, negligence, and violation of the Public Records Act and sought relief under the Uniform Declaratory Judgments Act, chapter 7.24 RCW.

¶3 The County responded by giving West copies of the first $250,000 in attorney invoices submitted in the *Broyles* action, with the subject matter redacted. The redacted invoices reflected the dates of service, the timekeepers, and the amount of time each timekeeper billed on a daily basis. The County asserted that it possessed only those invoices up to the amount of its $250,000 insurance deductible.

¶4 West continued with his lawsuit and on March 12, 2007, the trial court dismissed all of his claims with prejudice except the Public Records Act claim. West moved for reconsideration on March 22. On March 26, the trial

court dismissed his remaining Public Records Act claim, and West sought reconsideration of that ruling. On April 25, West appealed the trial court's orders of March 12 and 26. After the trial court denied his motions for reconsideration, West filed an amended notice of appeal.

ANALYSIS

## I. Breach of Contract Claim

¶5 We first address whether the trial court properly dismissed West's breach of contract claim under CR 12(b)(6).

■ ¶6 The County argues initially that West's appeal of this dismissal is untimely because he did not file a notice of appeal until April 25, which was more than 30 days after the March 12 ruling. *See* RAP 5.2(a) (notice of appeal must be filed within 30 days after entry of the trial court's decision). On March 12, however, the trial court postponed ruling on West's Public Records Act claim. Consequently, its March 12 order was a partial judgment and appealable only after an express direction by the trial court for entry of judgment and an express determination in the judgment, supported by written findings, that there was no just reason for delaying an appeal. RAP 2.2(d); 2A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 2.2 author's cmt. 26, at 97 (6th ed. 2004). Because the trial court issued no such direction or determination, West's appeal of its final judgment brought the earlier partial judgment up for review as well. *See* RAP 2.2(d); 2A TEGLAND, *supra*, at 98. Consequently, West's first notice of appeal, which was filed within 30 days of the trial court's final March 26 judgment, was sufficient to render his appeal of the March 12 ruling timely. And that appeal brought up for review the trial court's subsequent order denying reconsideration, thus

rendering West's amended notice of appeal unnecessary. *See* CR 59(b); RAP 2.4(f).[1]

¶7 Turning to the merits of the trial court's March 12 decision, the only evidence in the record relevant to it is West's complaint.[2] West contended in his complaint that by resisting his Public Records Act request, "and by attempting to secure what must be presumed to be unconscionable fees," Patterson and the Lee Smart firm had breached "the express and implied terms of their contract with Thurston County, and plaintiff West, a citizen of Thurston County." Clerk's Papers (CP) at 147. West thus asserted that he had a cause of action because Lee Smart and Patterson had breached their contract with the public and the County.

¶8 CR 12(b) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under this rule, dismissal is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts that would justify recovery. *Tenore v. AT&T Wireless Servs.*, 136 Wn.2d 322, 330, 962 P.2d 104 (1998).

¶9 The County asserts that West lacks standing to assert a breach of contract claim against Patterson and the Lee Smart law firm. The doctrine of standing prohibits a litigant from asserting another's legal right. *Miller v. U.S. Bank of Wash., NA*, 72 Wn. App. 416, 424, 865 P.2d 536 (1994). Standing is a question of law that we review de novo. *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1454 (9th Cir. 1995); *In re Guardianship of Karan*, 110 Wn. App. 76, 81, 38 P.3d 396 (2002).

¶10 We agree that West had no right to assert a breach of contract claim against Patterson or the Lee Smart

---

[1] West's failure to "note" his initial motion for reconsideration for hearing when he filed it on March 22 did not render the motion untimely and did not preclude an appeal from the ruling on the motion. 4 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE CR 59 author's cmt. 24, at 497 (5th ed. 2006) (citing *In re Det. of Turay*, 139 Wn.2d 379, 391, 986 P.2d 790 (1999)).

[2] The record does not include the County's motion to dismiss, West's opposition, or the County's reply, all of which the trial court considered in granting the motion to dismiss. Nor does the record include a transcript of the hearing on the motion.

firm either on his own or the County's behalf. *See Trask v. Butler*, 123 Wn.2d 835, 843, 872 P.2d 1080 (1994) (where nonclient plaintiff is not intended beneficiary of transaction to which attorney's advice pertained, no further inquiry regarding duty of care owed to plaintiff is required); *Warner v. Design & Build Homes, Inc.*, 128 Wn. App. 34, 43, 114 P.3d 664 (2005) (indirect benefit to third party insufficient to demonstrate intent to create a contract directly obligating the promisor to perform a duty to third party).

¶11 In West's motion for reconsideration of the CR 12(b)(6) dismissal, he sought to introduce "newly discovered evidence" and to amend his complaint in light of this evidence. CP at 40-41. He referred to his own declaration, contending that Patterson, who had represented the County in *Broyles* and had denied West's request for the invoices, was appearing in violation of RCW 36.32.200. RCW 36.32.200 provides:

> It shall be unlawful for a county legislative authority to employ or contract with any attorney or counsel to perform any duty which any prosecuting attorney is authorized or required by law to perform, unless the contract of employment of such attorney or counsel has been first reduced to writing and approved by the presiding superior court judge of the county in writing endorsed thereon. This section shall not prohibit the appointment of deputy prosecuting attorneys in the manner provided by law.
>
> Any contract written pursuant to this section shall be limited to two years in duration.

¶12 Attached to West's declaration were documents showing that Patterson was appointed to represent the County in the *Broyles* case on January 24, 2003. West thus contended that neither Patterson nor the Lee Smart firm was authorized to represent the County and to administer compliance with the Public Records Act either before January 24, 2003, or after January 24, 2005.

¶13 The trial court did not abuse its discretion in denying West's motion for reconsideration. *See Rivers v. Wash. State Conference of Mason Contractors*, 145 Wn.2d

674, 685, 41 P.3d 1175 (2002). The documents West submitted with his motion were not newly discovered evidence because West made no showing that he could not have obtained them earlier. *See* CR 59(a)(4); *In re Marriage of Tomsovic*, 118 Wn. App. 96, 109, 74 P.3d 692 (2003). West asserts in his reply brief that the trial court committed reversible error by failing to allow him to amend his complaint to include an assertion that the contract between the County and Patterson was unconscionable and violated public policy.[3] We do not consider assertions of error made for the first time in a reply brief. *State v. White*, 123 Wn. App. 106, 115 n.1, 97 P.3d 34 (2004) (citing *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992)). As West had no right to assert a breach of contract claim against the attorneys who represented the County, the trial court properly dismissed that claim under CR 12(b)(6).

## II. Public Records Act Claim

¶14 West next argues that the trial court erred in concluding that the attorney fee invoices he sought were exempt from disclosure under the Public Records Act, chapter 42.56 RCW.

¶15 The County responds in part that because it has provided West with all the invoices in its possession, i.e., the invoices up to the amount of its $250,000 insurance deductible, this issue is moot. An issue is moot if it is " 'purely academic,' " but it is not moot if its resolution can provide a party with effective relief. *State v. Turner*, 98 Wn.2d 731, 733, 658 P.2d 658 (1983) (quoting *Grays Harbor Paper Co. v. Grays Harbor County*, 74 Wn.2d 70, 73, 442 P.2d 967 (1968)).[4]

---

[3] In West's motion for reconsideration, he sought "a reasonable opportunity to amend his complaint to assert causes of action for unlawful representation by counsel and unconscionable contract payments to a de facto officer." CP at 43.

[4] We deny the County's request to strike West's supplemental brief on this issue or to impose sanctions based on West's allegedly tardy service of his brief on

██ ██ ¶16 The Public Records Act begins with a mandate of full disclosure of public records, and that mandate is limited only by the precise, specific, and limited exemptions the act describes. *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 258, 884 P.2d 592 (1995). If public records do not fall within those exemptions, their disclosure must be timely. *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 102, 117 P.3d 1117 (2005). Penalties for late disclosure are mandatory, as RCW 42.56.550(4) provides

> [a]ny person who prevails against an agency in any action in the courts seeking the right to inspect or copy any public record or the right to receive a response to a public record request within a reasonable amount of time shall be awarded all costs, including reasonable attorney fees, incurred in connection with such legal action. In addition, it shall be within the discretion of the court to award such person an amount not less than five dollars and not to exceed one hundred dollars for each day that he or she was denied the right to inspect or copy said public record.

██ ¶17 Government agencies may not resist disclosure of public records until a suit is filed and then, by disclosing them voluntarily, avoid paying fees and penalties. *Spokane Research & Def. Fund*, 155 Wn.2d at 103. If the records at issue do not fall within an exemption to the Public Records Act, West is entitled to costs and penalties because the County did not disclose them until after he filed this action.

¶18 In dismissing West's claim, the trial court relied on RCW 42.56.290 and the trial court's refusal to order the disclosure of the same invoices in the *Broyles* action. RCW 42.56.290 provides that "[r]ecords that are relevant to a controversy to which an agency is a party but which records would not be available to another party under the rules of pretrial discovery for causes pending in the superior courts are exempt from disclosure under this chapter." Because the court had not allowed the disclosure of the County's

opposing counsel, as we do not know the date that West mailed his brief to counsel. *See* RAP 18.6(b) (paper timely served if mailed within time permitted for service).

invoices in the *Broyles* case, the trial court here ruled that they were similarly exempt from disclosure to West.[5]

¶19 Soon after an Olympia newspaper requested the same attorney fee invoices, the 2007 legislature enacted RCW 42.56.904, which provides as follows:

> It is the intent of the legislature to clarify that no reasonable construction of chapter 42.56 RCW has ever allowed attorney invoices to be withheld in their entirety by any public entity in a request for documents under that chapter. It is further the intent of the legislature that specific descriptions of work performed be redacted only if they would reveal an attorney's mental impressions, actual legal advice, theories, or opinions, or are otherwise exempt under chapter 391, Laws of 2007 or other laws, with the burden upon the public entity to justify each redaction and narrowly construe any exception to full disclosure. The legislature intends to clarify that the public's interest in open, accountable government includes an accounting of any expenditure of public resources, including through liability insurance, upon private legal counsel or private consultants.

H.B. Rep. on H.B. 1897, at 3, 60th Leg., Reg. Sess. (Wash. 2007); S.B. Rep. on Substitute H.B. 1897, at 2, 60th Leg., Reg. Sess. (Wash. 2007). RCW 42.56.904 took effect on July 22, 2007. Laws of 2007, at ii.

¶20 The 2007 Final Legislative Report introduces this new statute with a discussion of RCW 42.56.290, observing that "[r]ecords that are relevant to a controversy to which an agency is a party that would not be discoverable to another party under the superior court rules of pretrial discovery are exempt from disclosure under the [Public Records] Act." 2007 Final Legislative Report, 60th Wash. Leg., Reg. Sess., at 175.

> Specifically exempt from disclosure is an attorney's work product. The courts have defined work product to include

---

[5] *Broyles* is clearly a "controversy" under RCW 42.56.290 because the case is now on appeal. *Broyles v. Thurston County*, No. 35950-2-II (Wash. Ct. App., argued Apr. 1, 2008); *see Dawson v. Daly*, 120 Wn.2d 782, 791, 845 P.2d 995 (1993) ("controversy" under statute encompasses anticipated, past, or present litigation).

factual information which is collected or gathered by an attorney, as well as the attorney's legal research, theories, opinions, and conclusions.

The attorney-client privilege also exempts certain public records from disclosure. The attorney-client privilege, however, is a narrow privilege and protects only communication or advice between attorney and client in the course of the attorney's professional employment.

2007 FINAL LEGISLATIVE REPORT, *supra*, at 175. The report adds that with the enactment of RCW 42.56.904, "[t]he Legislature intends to clarify that the public's interest in open, accountable government includes an accounting of any expenditures of public resources on private legal counsel or private consultants." 2007 FINAL LEGISLATIVE REPORT, *supra*, at 175.[6]

¶21 The County argues that we should not apply this clarifying statute retroactively to the trial court's decision; we reject the argument. We often apply statutory amendments retroactively if the legislature acted during a controversy regarding the meaning of the law because the legislature's timing reflects its intent to cure or clarify a statute. *McGee Guest Home, Inc. v. Dep't of Soc. & Health Servs.*, 142 Wn.2d 316, 325-26, 12 P.3d 144 (2000); *see also Marine Power & Equip. Co. v. Wash. State Human Rights Comm'n Hearing Tribunal*, 39 Wn. App. 609, 620, 694 P.2d 697 (1985) (when controlling law changes between the entering of judgment below and consideration of matter on appeal, appellate court generally should apply new or altered law).

---

[6] Even without the clarification that RCW 42.56.904 provides, the trial court's reliance on the *Broyles* ruling to preclude disclosure of the invoices to West is questionable. The court denied the *Broyles* motion to compel without prejudice when the plaintiffs sought to use the invoices to support their own posttrial motion for attorney fees. The *Broyles* court ruled that the County's records were not relevant for the narrow purpose of proving the plaintiffs' requested fees and that they contained privileged information. The court ruled further, however, that if the County challenged the amount of hours the plaintiffs spent on a specific task, it might revisit the motion to compel to see whether redacted portions of the bill might be relevant as rebuttal. This ruling does not constitute a definitive statement that the invoices would not be discoverable under the rules of pretrial discovery. Rather, it is a conditional statement that the invoices were not discoverable posttrial under a very specific set of circumstances. In any event, given the enactment of RCW 42.56.904, we are not persuaded that the *Broyles* ruling governs the disclosure of the invoices here.

RCW 42.56.904 was expressly intended to clarify the Public Records Act's applicability to records of public funds expended on private legal counsel. The new statute clarified that attorney invoices held by a public agency may not be withheld in their entirety and that any work product redactions must be justified.

¶22 We affirm dismissal of the contract action. We hold that the trial court erred in ruling that the County was not required to disclose the attorney invoices at issue under the Public Records Act. We remand for a determination whether the County has, in fact, disclosed all of the invoices in its possession, and whether its redactions are justified as work product or privileged information. We also remand for a determination of the costs and penalties to be assessed against the County for resisting disclosure until West filed this lawsuit. We deny the County's request for attorney fees under RAP 18.1 and RAP 18.9.

¶23 Reversed and remanded.

HOUGHTON, C.J., and HUNT, J., concur.