**FILED**
**JULY 9, 2024**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| DAVID LYONS and LYONS FAMILY RANCH LLC, a Washington limited liability company, | ) ) ) | No. 39510-3-III |
| | ) | |
| Respondents, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DANIEL CLARK, BARBARA CLARK, and the marital community thereof, and WALLA WALLA HISTORIC CEMETERIES, a Washington nonprofit corporation, | ) ) ) ) ) ) | |
| | ) | |
| Appellants. | ) | |

COONEY, J. — Walla Walla Historic Cemeteries was granted a certificate from the

Washington State Department of Archaeology and Historic Preservation to care for and

maintain the abandoned Lyons Creek Cemetery (Cemetery). The Cemetery, which is

owned by the State of Washington, is landlocked by the Lyons Family Ranch. An

easement to access the Cemetery was identified in the original deed conveying the

Cemetery, but there is an easier route to traverse called the "Coyote Ridge Route."

After Daniel Clark, the founder, director, and officer of Walla Walla Historic

Cemeteries, repeatedly drove vehicles over the Lyons Family Ranches' wheat fields to

access the Cemetery, David Lyons and the Lyons Family Ranch LLC (collectively the

Lyons) sued Walla Walla Historic Cemeteries, Barbara Clark, and Mr. Clark (collectively the Clarks) for trespass and injunctive relief.

The Lyons were granted an order that restrained the Clarks from accessing the Cemetery by vehicle or through any route other than the one described in the deed. Later, the Lyons brought a motion to dismiss the Clarks' counterclaims. In concluding that the Clarks lacked standing to litigate or enforce any easement rights, the trial court granted the motion.

The Clarks appeal. Finding no error, we affirm.

## BACKGROUND

Lyons Family Ranch, LLC, owns the Lyons Family Ranch (Farm) in Walla Walla County, Washington. David Lyons is the sole manager of the Lyons Family Ranch, LLC. The Lyons family has owned the Farm since 1909. The Farm is operated as a productive wheat farm.

In 1873, the Hendrix family homesteaded the land that the Farm now occupies. In 1877, the Hendrix family deeded a portion of their land to the "Hendrix Cemetery Association" for a cemetery, referred to as the Lyons Creek Cemetery. Clerk's Papers (CP) at 31, 48. The deed included an easement to access the Cemetery. The Cemetery is landlocked on all sides by the Farm. The Hendrix Cemetery Association and the

2

Cemetery have long since been abandoned. At some point, the State assumed ownership of the Cemetery pursuant to RCW 68.60.020.[1]

In 2018, the Department of Archaeology and Historic Preservation issued a "Certificate of Authority" to Walla Walla Historic Cemeteries for the "Care and Maintenance of the Lyons Creek Cemetery" pursuant to RCW 68.60.030 (Maintenance Certificate). CP at 10 (boldface and italics omitted). Mr. Clark is the "founder, director and officer" of Walla Walla Historic Cemeteries.[2] *Id.* at 108. Thereafter, the Clarks contacted the Lyons regarding the best route to access the Cemetery. The Lyons showed the Clarks an alternate route from the one described in the deed, referred to as the Coyote Ridge Route. In April 2019, the parties accessed the Cemetery on foot via the Coyote Ridge Route. The Lyons maintain that access via the Coyote Ridge Route required advance permission from them and that vehicle access to the Cemetery over any route has never occurred nor been permitted by the Lyons.

Shortly after the Lyons showed the Clarks the Coyote Ridge Route, a conflict arose regarding when, where, and by what mode of transportation the Clarks were permitted to cross the Lyons' fields to access the Cemetery. The Lyons claimed that the Clarks twice damaged their wheat crops when the Clarks drove over their fields without

---

[1] Chapter 68.60 RCW is the State's statutory scheme governing abandoned and historic cemeteries and historic graves.

[2] Ms. Clark is not a member of or volunteer for Walla Walla Historic Cemeteries but after being served with the lawsuit at issue here, she visited the Cemetery.

their permission. The Clarks admitted they drove over the Lyons' fields to reach the Cemetery via a route other than the one described in the deed.

As a result of the Clarks' alleged trespass and damage to the Lyons' crops, the Lyons sued the Clarks and Walla Walla Historic Cemeteries. The Lyons requested damages and an order restraining the Clarks from driving over their fields. The Clarks answered the complaint and filed a counterclaim requesting, among other relief, that the Lyons be "enjoined from further acts of vandalism at the cemetery" and "enjoined from further obstruction of the roadway easement of the cemetery." *Id*. at 9. The Clarks also alleged that the Lyons "falsely accused counterclaimants of criminal trespass." *Id*. at 8.

The Lyons brought a motion for a temporary order restraining the Clarks from "trespassing over Plaintiffs' productive farmland." *Id*. at 184. The Clarks opposed the motion and requested their own injunction, seeking to enjoin the Lyons from "further vandalism" and "further farming encroachment" at the Cemetery. *Id*. at 266. The court granted the Lyons' motion and denied the Clarks'. The court found that, "Defendants have admitted to driving over Plaintiffs' fields and newly planted crops" and "Defendants' vehicular trespasses destroy Plaintiffs' crops and may encourage others to drive over Plaintiff's fields." *Id*. at 307. The court enjoined the Clarks from "Walking over Plaintiffs' fields by any route *other than* the route described in the 1877 Deed" and from "Driving <u>any vehicle</u> over Plaintiffs' fields." *Id*. at 308.

4

Thereafter, the Lyons brought a motion for summary judgment dismissal of the Clarks' counterclaims. In their motion, the Lyons noted that though not properly pleaded, the Clarks repeatedly asserted that the Coyote Ridge Route is an easement by necessity and they are therefore entitled to use it to access the Cemetery via vehicle. The Lyons argued that the Clarks and Walla Walla Historic Cemeteries lack standing to litigate over access to the Cemetery because they have no ownership interest in the Cemetery nor the land surrounding it. Instead, the Lyons argued the State "is the only 'real party in interest' with standing to assert legal claims." *Id*. at 42.

The Clarks responded with their own motion for summary judgment on cemetery access. The Clarks argued that the public and the holder of a Maintenance Certificate have a right to access the Cemetery for visitation, care, and maintenance. The Clarks requested a judgment "confirming their right and the public's right to vehicle and pedestrian access to the cemetery over the traditional Coyote Ridge Road access route without obstruction or the need for permission by adjoining landowners." *Id*. at 106. Additionally, the Clarks filed the care and maintenance agreement for another cemetery that, unlike the Maintenance Certificate before us, included a paragraph stating that "[Walla Walla Historic Cemeteries] shall be solely responsible for obtaining access to the [Stubblefield] Cemetery for its care, maintenance, and restoration activities, including but not limited to enforcement of easement rights relating to ingress and egress." *Id*. at 143.

5

No. 39510-3-III
*Lyons, et al. v. Clark, et al.*

The Clarks produced no such agreement for the care and maintenance of the Lyons Creek Cemetery and Mr. Clark admitted one did not exist.

A hearing was held on the competing motions for summary judgment. Ultimately, the trial court concluded that neither the Clarks nor Walla Walla Historic Cemeteries had standing to litigate over or enforce any easements related to accessing the Cemetery via the Lyons' land. The court relied on RCW 68.60.060 that states, "Any person who violates any provision of this chapter is liable in a civil action by and in the name of the department of archaeology and historic preservation." The court reasoned that "applying the rules of statutory construction to this chapter the state has expressly delineated certain powers to the association and expressly withheld certain powers for itself." Rep. of Proc. (RP) at 29. The court noted that "[RCW 68.60.]030 . . . lists out what a certificate holder can do [that] does not include bringing an action with regard to ingress and egress for easement rights." *Id*. at 31. Ultimately, the court granted the Lyons' motion for summary judgment and dismissed all of the Clarks' counterclaims with prejudice.

The Clarks appealed. After their appeal was filed, the Clarks brought a motion for findings and determination of finality of order granting summary judgment before the trial court. They requested the determination of finality pursuant to CR 54(b) and Rules of Appellate Procedure (RAP) 2.2(d). The court granted the motion and issued its findings, determination and direction regarding order granting plaintiffs' motion for

6

summary judgment. The court determined there was "no just reason for the delay of the appeal of th[e] Order [on the Lyons' motion for summary judgment]." CP at 515.

ANALYSIS

On appeal, the Clarks argue the trial court erred in: (1) holding they lacked standing to seek access to the Lyons Creek Cemetery, (2) holding they had no right to seek an injunction against the Lyons to prevent further farming and vandalism of the Cemetery ground, (3) failing to grant their motion for summary judgment that would have affirmed the rights of the defendants and the public to access the Lyons Creek Cemetery over the Coyote Ridge Route, and (4) dismissing their counterclaim against the Lyons that sought damages for false complaints of criminal trespass.

In response, the Lyons argue, in part, that this appeal should be dismissed due to a lack of finality and the Clarks' failure to comply with RAP 2.5.

WHETHER THIS APPEAL SHOULD BE DISMISSED

The Lyons argue that this appeal should be dismissed due to lack of finality and the fact that the Clarks did not ask for, nor should they be granted, discretionary review.

RAP 2.2(a)(1) states that a party may appeal from the "final judgment entered in any action or proceeding, regardless of whether the judgment reserves for future determination an award of attorney fees or costs." The Clarks appealed the order granting the Lyons' motion for summary judgment. It is undisputed that, though the

Clarks' counterclaims were dismissed by the trial court's order on summary judgment, the Lyons' original claims are still pending before the trial court.

The Clarks point to RAP 2.2(a)(3) that states an appeal may be taken from "[a]ny written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action." However, this provision is inapplicable because, as stated above, the Lyons' claims for damages resulting from the Clarks' trespass and attorney fees and costs remain pending before the trial court.

The Clarks next direct us to RAP 2.3(b)(1) and (2) that allow this court to accept discretionary review "of any act of the superior court not appealable as a matter of right" under certain circumstances. RAP 2.3(a). These provisions establish standards for granting discretionary review. Regardless of whether this appeal meets these standards, the Clarks have not sought discretionary review.

Though the Clarks' appeal lacks procedural compliance with the RAPs, we elect to review it on the merits. Under RAP 1.2(c), we "may waive or alter the provisions of any of these rules in order to serve the ends of justice." In light of RAP 1.2(a)'s directive to construe our rules "liberally" in order to "promote justice and facilitate the decision of cases on the merits," we grant discretionary review. We note, however, that interlocutory appeals such as this will generally be remanded when procedures are not followed.

WHETHER WALLA WALLA HISTORIC CEMETERIES, THE CLARKS AS INDIVIDUALS, AND/OR THE CLARKS ON BEHALF OF THE PUBLIC HAVE STANDING TO SEEK ACCESS TO THE CEMETERY

The Clarks argue that they have standing to seek access to the Cemetery as individual members of the public and on behalf of the public at large, and that Walla Walla Historic Cemeteries also has standing to seek access to the Cemetery. Essentially, the Clarks argue they have standing to litigate the parameters of the existing deeded easement allowing access to the Cemetery as well as the existence, or lack thereof, of another easement. The Lyons posit that, because the State undisputedly owns the Cemetery, only the State has standing to litigate over and enforce its easement rights. We agree with the Lyons.

We review orders on summary judgment de novo, engaging in the same inquiry as the trial court. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is only appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c). The moving party bears the initial burden of establishing that there are no disputed issues of material fact. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989). "A material fact is one upon which the outcome of the litigation depends in whole or in part." *Atherton Condo. Apt.-Owners Ass'n Bd. of Dirs. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990).

9

When considering a motion for summary judgment, evidence is considered in the light most favorable to the nonmoving party. *Keck*, 184 Wn.2d at 370. If the moving party satisfies its burden, then the burden shifts to the nonmoving party to establish there is a genuine issue for the trier of fact. *Young*, 112 Wn.2d at 225-26. While questions of fact typically are left for trial, they may be treated as a matter of law if "reasonable minds could reach but one conclusion." *Hartley v. State*, 103 Wn.2d 768, 775, 698 P.2d 77 (1985).

Further, a nonmoving party may not rely on speculation or having its own affidavits accepted at face value. *Seven Gables Corp. v. MGM/UA Entm't Co.*, 106 Wn.2d 1, 13, 721 P.2d 1 (1986). Instead, a nonmoving party must put "forth specific facts that sufficiently rebut the moving party's contentions and disclose that a genuine issue as to a material fact exists." *Id.*

"The doctrine of standing prohibits a litigant from asserting another's legal right[s]." *West v. Thurston County*, 144 Wn. App. 573, 578, 183 P.3d 346 (2008). Whether a party has standing is a question of law we review de novo. *Id.* If a plaintiff lacks standing, their claims cannot be resolved on the merits and must necessarily fail. *Ullery v. Fullerton*, 162 Wn. App. 596, 604-05, 256 P.3d 406 (2011). A party has standing if it "has a distinct and personal interest in the outcome of the case." *Erection Co. v. Dep't of Lab. & Indus.*, 65 Wn. App. 461, 467, 828 P.2d 657 (1992), *aff'd*, 121 Wn.2d 513, 852 P.2d 288 (1993). Alternatively stated, a party has standing if it

demonstrates "a real interest in the subject matter of the lawsuit, that is, a present,

substantial interest, as distinguished from a mere expectancy, or future, contingent

interest, and the party must show that a benefit will accrue it by the relief granted."

*Primark, Inc. v. Burien Gardens Assocs.*, 63 Wn. App. 900, 907, 823 P.2d 1116 (1992).

The trial court decided that Walla Walla Historic Cemeteries and the Clarks lacked

standing under RCW 68.60.060, but that statute is inapplicable. RCW 68.60.060 states:

> **Violations—Civil liability.** Any person who violates any provision of this
> chapter is liable in a civil action by and in the name of the department of
> archaeology and historic preservation to pay all damages occasioned by
> their unlawful acts. The sum recovered shall be applied in payment for the
> repair and restoration of the property injured or destroyed and to the care
> fund if one is established.

The statute relates to damages and civil liability for a violator of any provision of chapter

68.60 RCW, but lacks applicability to easement rights or who possesses standing to

litigate abandoned and historic cemetery access. Regardless, we can affirm on any

ground supported by the record. *State v. Costich*, 152 Wn.2d 463, 477, 98 P.3d 795

(2004).

Here, it is undisputed that the State owns the Cemetery and the Lyons own the

Farm surrounding the Cemetery. Thus, the only parties with a property interest in the

Cemetery and the land surrounding it are the State and the Lyons. Additionally, there is

no agreement between the State and the Clarks authorizing them to sue on the State's

behalf to protect or enforce its easement rights. This is notable because the record

11

reflects that for other abandoned cemeteries, the State *has* authorized the caretaking entity to enforce easement rights on the State's behalf. In contrast, the Maintenance Certificate for the Lyons Creek Cemetery simply reads: "Department of Archaeology & Historic Preservation grants a Certificate of Authority to the Walla Walla Historic Cemeteries for the Care and Maintenance of the Lyons Creek Cemetery." CP at 10 (boldface and italics omitted).

Further, the only parties with a distinct interest in access to the Cemetery by way of an easement are the State and the Lyons. Neither Walla Walla Historic Cemeteries, the Clarks, nor the public possess any property interest in the Cemetery. Instead, Walla Walla Historic Cemeteries has a revocable certificate entrusting it with the care and maintenance of the Cemetery. If Walla Walla Historic Cemeteries is unable to care for the Cemetery due to access issues, the State, as the owner of the Cemetery, is the entity suffering damage. No benefit will accrue the Clarks or Walla Walla Historic Cemeteries if they are allowed to enforce the State's easement rights. Only the State would be benefitted.

Importantly, the Clarks, Walla Walla Historic Cemeteries, and the public are not denied access to the Cemetery. Indeed, the court's temporary injunction recognized that the parties were not enjoined from using the "route described in the 1877 Deed." *Id*. at 308. The Clarks want a more *convenient* access to the Cemetery via the Coyote Ridge

12

Route, but, in the absence of an agreement authorizing another party to enforce the

State's easement rights, that is something only the State and the Lyons may litigate.

Walla Walla Historic Cemeteries and the Clarks, as individuals and on behalf of

the public, lack standing to litigate the State's easement rights. Summary judgment was

properly granted in the Lyons' favor.

WHETHER WALLA WALLA HISTORIC CEMETERIES HAS STANDING TO SEEK AN
INJUNCTION ENJOINING THE LYONS FROM FARMING AND VANDALIZING THE
LYONS CREEK CEMETERY

The Clarks argue Walla Walla Historic Cemeteries has standing to obtain an

injunction enjoining the Lyons from farming and vandalizing the Cemetery. The Lyons

respond that they have not vandalized or farmed the Cemetery but even if they had, only

the State possesses standing to seek an injunction. We agree with the Lyons.

One requesting injunctive relief must show a clear equitable or legal right and a

well-grounded fear of immediate invasion of that right. *State ex rel. Hays v. Wilson*, 17

Wn.2d 670, 673, 137 P.2d 105 (1943). As discussed in the prior section, only the State,

as the owner of the Cemetery, possesses a clear equitable or legal right to the Cemetery.

Walla Walla Historic Cemeteries holds a revocable Maintenance Certificate for

the care and maintenance of the Cemetery pursuant to RCW 68.60.030. That statute

restricts Walla Walla Historic Cemeteries' authority "to the care, maintenance,

restoration, protection, and historical preservation of the abandoned cemetery." RCW

68.60.030(1)(a). Though the term "protection" is not defined, according to RCW

13

68.60.040 titled "Protection of Cemeteries—Penalties," it seems to reference gates,

fences, or enclosures built around a cemetery to protect it from intruders.[3]  (Boldface

omitted.)

Further, RCW 68.60.060 states that "[a]ny person who violates any provision of

this chapter is liable in a civil action by and in the name of *the department of archaeology

and historic preservation* to pay all damages occasioned by their unlawful acts."

(Emphasis added.)  There is nothing in chapter 68.60 RCW that confers on a

Maintenance Certificate holder any legal or equitable right to the Cemetery for which

they are entrusted to maintain.  Instead, only the State has rights in the Cemetery and only

the State has standing to request an injunction enjoining a party from vandalizing a

cemetery.

Walla Walla Historic Cemeteries does not have standing to seek an injunction

enjoining the Lyons from vandalizing or farming the Cemetery.

---

[3] RCW 68.60.040(1) provides:

Every person who in a cemetery unlawfully or without right willfully
destroys, cuts, mutilates, effaces, or otherwise injures, tears down or
removes . . . *any gate, door, fence, wall, post, or railing, or any enclosure
for the protection of a cemetery* or any property in a cemetery is guilty of a
class C felony punishable under chapter 9A.20 RCW.  (Emphasis added.)

14

WHETHER THE COURT ERRED IN DENYING THE CLARKS' MOTION FOR SUMMARY JUDGMENT

The Clarks argue that the court erred by denying their motion for summary judgment affirming their right to access the Cemetery by way of the Coyote Ridge Route. Because we conclude that the Clarks and Walla Walla Historic Cemeteries lack standing to request an injunction or enforce the State's easement rights, the court did not err by denying their motion.

The Clarks brought a motion for summary judgment on cemetery access. Their requested relief was "summary judgment pursuant to CR 56 as to their right and the public's right to year-round vehicle and pedestrian access to Lyons Creek Cemetery . . . and for an injunction prohibiting plaintiffs from obstructing those rights." CP at 396. The court denied the Clarks' summary judgment motion and granted the Lyons' summary judgment motion on the basis that the Clarks and Walla Walla Historic Cemeteries lacked standing. As previously discussed, neither the Clarks nor Walla Walla Historic Cemeteries have standing to litigate over or enforce the State's easement rights or to request an injunction.

WHETHER THE COURT ERRED IN DISMISSING THE CLARKS' COUNTERCLAIM FOR DAMAGES FOR FALSE COMPLAINTS OF CRIMINAL TRESPASS

The Clarks argue that their counterclaim for damages for false claims of criminal trespass was improperly dismissed. The Lyons respond that the Clarks' claim was properly dismissed on summary judgment. We agree with the Lyons.

15

In the Clarks' answer to the Lyons' complaint, they asserted that "plaintiffs have on two occasions falsely accused counterclaimants of criminal trespass." *Id*. at 8. This claim, as well as all of the Clarks' other counterclaims, were dismissed with prejudice on summary judgment. Dismissal of the Clarks' claim for false claims of criminal trespass was proper.

First, the Clarks presented no evidence to support their counterclaim for false claims of criminal trespass. Instead, the focus of the litigation was on access to the Cemetery. Second, prior to the trial court granting summary judgment dismissal of the Clarks' counterclaims, the court granted the Lyons' motion for a temporary restraining order restraining the Clarks from "[d]riving <u>any vehicle</u> over Plaintiffs' fields" or "[w]alking over Plaintiffs' fields by any route *other than* the route described in the 1877 Deed." *Id*. at 308. The court found, in that order, that "Defendants have admitted to driving over Plaintiffs' fields and newly planted crops" and that "Defendants' *vehicular trespasses* destroy Plaintiffs' crops and may encourage others to drive over Plaintiffs' fields." *Id*. at 307 (emphasis added).

Based on the court's order granting the Lyons' temporary restraining order, the court found that the Clarks *had* trespassed on the Lyons' property. In other words, the Lyons' trespass claims were not false. The Clarks presented no other evidence to support their counterclaim for false claims of criminal trespass and there was no issue of material fact related to that claim. The Clark's counterclaim was properly dismissed.

16

No. 39510-3-III
*Lyons, et al. v. Clark, et al.*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Cooney, J.

I CONCUR:

_____
Staab, A.C.J.

17

No. 39510-3-III

FEARING, J. (dissenting) — I would not reach the merits of this case because the case is not before us on appeal or on discretionary review. Therefore, I dissent.

Daniel and Barbara Clark and the Walla Walla Historic Cemeteries (collectively Clarks) filed a notice of appeal from the superior court's order granting David Lyons' and Lyons Family Ranch, LLC's (collectively Lyons) partial summary judgment motion and denying the Clarks' summary judgment motion. Nevertheless, some of the Lyons' causes of action remain pending before the superior court. Respondents Lyons ask this court to dismiss this proceeding and remand to the superior court without any decision. I would grant this request because the Clarks have no right to appeal. RAP 2.2.

The Clarks never filed, with this court, a motion for discretionary review. After the Lyons requested dismissal, the Clarks asked in their reply brief for such review. I agree with the majority that the Clarks do not satisfy any of the criteria listed in RAP 2.3(b).

The majority, after concluding that the Clarks have no right to an appeal and have no grounds for discretionary review, decides to address the summary judgment orders on their merits anyway under RAP 1.2(a) and (c). The two subsections of RAP 1.2 declare:

> (a) Interpretation. These rules will be *liberally interpreted* to promote justice and facilitate the decision of cases on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances where justice demands, subject to the restrictions in rule 18.8(b).
> . . . .

No. 39510-3-III
*Lyons, et al. v. Clark, et al.*

>        (c) Waiver.  The appellate court may waive or alter the provisions of
> any of these rules in order to serve the ends of justice, subject to the
> restrictions in rule 18.8(b) and (c).

(Boldface omitted.) (Emphasis added.)  RAP 1.2(a) does not apply since the majority is

not liberally interpreting RAP 2.3.  Instead of interpreting RAP 2.3, the majority ignores

RAP 2.3.

This court has never employed RAP 1.2(c) to decide the merits of a case when the

case is not before us on appeal and lacks a basis for discretionary review.  This court

generally waives application of the rules on appeal for "technical violations."  *Green*

*River Community College Dist. No. 10 v. Higher Education Personnel Board*, 107 Wn.2d

427, 431, 730 P.2d 653 (1986); *Daughtry v. Jet Aeration Co.*, 91 Wn.2d 704, 710, 592

P.2d 631 (1979); *Stiles v. Kearney*, 168 Wn. App. 250, 260, 277 P.3d 9 (2012); *Eller v.*

*East Sprague Motors & R.V.'s, Inc.*, 159 Wn. App. 180, 188, 244 P.3d 447 (2010); *State*

*v. Neeley*, 113 Wn. App. 100, 105, 52 P.3d 539 (2002); *Hitchcock v. Department of*

*Retirement Systems*, 39 Wn. App. 67, 72 n.3, 692 P.2d 834 (1984).  The violations of

RAP 2.2 and 2.3 in this instance are more than technical.

The majority fails to analyze why prematurely deciding the merits of this case

serves the ends of justice.  The majority fails to distinguish between this case and other

cases wherein a party wishes immediate appellate review of a superior court decision that

does not completely resolve all of the claims before it and wherein a party fails to present

No. 39510-3-III
*Lyons, et al. v. Clark, et al.*


grounds for discretionary review. I fear that the majority now opens a gate that allows

any litigant, seeking interlocutory review before the court, to gain such review.

    I dissent.

                                      _____
                                      Fearing, J.