# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**HENRY HOUDE, By and Through**
**His Attorney in Fact, Gilles Delisle,**

     Plaintiff-Appellee,

v.                                                    **No. 28,796**

**GINO FERRI**,

     Defendant-Appellant,

and

**MORTGAGE ELECTRONIC**
**REGISTRATION SYSTEMS, INC.,**
**as Nominee for TAYLOR, BEAN &**
**WHITAKER MORTGAGE CORP.,**
**TAXATION AND REVENUE DEPT.**
**OF THE STATE OF NEW MEXICO,**
**UNITED STATES DEPARTMENT**
**OF THE TREASURY-INTERNAL**
**REVENUE SERVICE, and**
**VERONICA FERRI,**

     Defendants,

and

**PETER J. WEITH, Plaintiff in**
**Substitution of JURGEN G. RAHM,**
**By and Through His Attorney in Fact,**
**Gilles Delisle,**

     Plaintiff-Appellee,

v.

**CAROL FERRI,**

Defendant-Appellant,

and

**JEROLD L. KAUFMAN and**
**STEVAN DOUGLAS LOONEY**,

Defendants,

and

**PETER J. WEITH, as Cross-Claimant in**
**Substitution of Mesilla Valley Bank**,

Cross-Claimant-Appellee.


**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Robert E. Robles, District Judge**


William A. Walker, Jr., PC
William A. Walker, Jr.
Las Cruces, NM

for Appellees Houde and Delisle

Linda Helen Bennett
Albuquerque, NM

for Appellants Gino Ferri & Carol Ferri

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Carol Ferri and Gino Ferri (Appellants) appeal from an adverse civil judgment. We issued a notice of proposed summary disposition, proposing to uphold the judgment. Appellants have filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we affirm.

**Issue 1:** Appellants continue to assert that the district court erred in allowing Appellee Peter Weith to be substituted for Mesilla Valley Bank. [MIO 1-3] As we previously noted, the substitution was based on the fact that Mesilla Valley Bank assigned all pertinent interests to Mr. Weith. [CN 3] Our Rules of Civil Procedure explicitly authorize substitution of parties under such circumstances. *See* Rule 1-025 (C) NMRA. "Substitution of a successor in interest under Rule 1-025(C) is within the sound discretion of the trial court." *Daniels Ins., Inc. v. Daon Corp.*, 106 N.M. 328, 331, 742 P.2d 540, 543 (Ct. App. 1987). "An abuse of discretion will be found when the trial court's decision is clearly untenable or contrary to logic and reason." *Newsome v. Farer*, 103 N.M. 415, 420, 708 P.2d 327, 332 (1985).

The memorandum in opposition supplies no basis upon which to conclude that the district court abused its discretion. Appellants rely on a general assertion that the substitution prejudiced them because it occurred contemporaneously with an award

of summary judgment, effectively foreclosing further discovery and the assertion of counterclaims. [MIO 1-3] However, the memorandum does not provide any specific information about why further discovery was needful or how Appellants were actually prejudiced. *Butler v. Deutsche Morgan Grenfell, Inc.*, 2006-NMCA-084, ¶¶ 38-39, 140 N.M. 111, 140 P.3d 532 (observing that a party seeking to avoid summary judgment on grounds that additional discovery is needful must specify what that party hopes to discover); *Sanchez v. Saylor*, 2000-NMCA-099, ¶ 38, 129 N.M. 742, 13 P.3d 960 ("An assertion of prejudice is not a showing of prejudice."). We therefore perceive no error.

**Supplemental Issue:** It appears that Appellants seek to advance an additional issue which was not presented in the docketing statement—challenging the evidentiary basis for the award of partial summary judgment to Mr. Weith as party in substitution for Mesilla Valley Bank. [MIO 2]

Because a motion to amend the docketing statement is the appropriate vehicle by which to present a supplemental issue in the course of the calendaring process, we will construe the material in the memorandum in opposition as such a motion. A motion to amend will only be granted upon a showing that the supplemental issue is viable. *See State v. Moore*, 109 N.M. 119, 128-29, 782 P.2d 91, 100-01 (Ct. App. 1989) (providing that issues sought to be presented must be viable), *overruled on*

4

*other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

Appellants contend that the motion for summary judgment was impermissibly based on inadmissible hearsay. [MIO 2]  As an abstract principle, we agree that "hearsay to which objection is made[] should not be considered on a motion for summary judgment." *Griffin v. Thomas*, 2004-NMCA-088, ¶ 42, 136 N.M. 129, 95 P.3d 1044.  However, we find no indication that Appellants objected to the hearsay upon which the motion for summary judgment was allegedly based. *See State v. Rael*, 100 N.M. 193, 195, 668 P.2d 309, 311 (Ct. App. 1983) (providing that a motion to amend the docketing statement must show that the issue counsel seeks to add was properly preserved below).  Moreover, it appears that the alleged deficiencies were rectified  by the materials submitted in association with the response to Appellants' motion to reconsider, which include an affidavit based on personal knowledge [RP 243-45] as well as certified copies of the pertinent mortgage documents.  [RP 246-72] We therefore conclude that Appellants' supplemental issue is not viable.

**Issues 2-6:**  By their remaining issues, Appellants continue to challenge the sufficiency of the evidence to support a variety of determinations pertaining to the validity of liens, the adequacy of consideration, and the status of a number of loans and promissory notes.  [MIO 3-9]

As we observed in the notice of proposed summary disposition, the district

5

court's determinations appear to have been supported by documentary evidence including a series of promissory notes, mortgage documents, and checks, as well as undisputed testimony that Appellants failed to repay the amounts actually received. [RP 366-80] *See generally Reeves v. Wimberly*, 107 N.M. 231, 236, 755 P.2d 75, 80 (Ct. App. 1988) ("Upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the trial court's decision, and the appellate court will indulge in reasonable presumptions in support of the order entered.").

Both below and in the docketing statement, Appellants appear to have taken the position that the promissory notes and mortgages were unsupported by any consideration. [RP 290-95; DS 10] However, as Appellants have acknowledged, [MIO 4, 6-8] evidence was presented indicating that Appellants received a series of substantial monetary advances. The suggestion in the memorandum in opposition that there was "no proof" that Gino Ferri received any consideration [MIO 8] is belied by Appellants' repeated assertions that the funds "were intended for and received by" Gino Ferri. [DS 6-8] Accordingly, district court could very reasonably have concluded that those advances supplied the necessary consideration, such that notes and associated mortgages were enforceable.

Appellants argue that the absence of compelling evidence relating specific advances to specific notes and mortgages undermines the validity of the judgment.

6

[MIO 4-5, 8] However, it appears that circumstantial evidence was presented, such as notations in the "memo" areas on a series of checks, [RP 235-42] as well as chronological evidence that the advances were received contemporaneously with and/or subsequent to the execution of each of the notes and associated mortgages. [MIO 5-8] *See generally Consol. Elec. Distrib., Inc., v. S.F. Hotel Group, LLC*, 2006-NMCA-005, ¶ 13, 138 N.M. 781, 126 P.3d 1145 (observing, in the context of a lien dispute, that "substantial evidence may be comprised of either direct or circumstantial evidence"). The district court could rationally have inferred that the various notes and mortgages were related to the advances which were made either contemporaneously therewith or subsequently thereto. Although Appellants may take a different view of the matter, it was ultimately for the district court weigh the evidence to draw such inferences as it deemed appropriate. *See generally Ruidoso State Bank v. Castle*, 105 N.M. 158, 160-61, 730 P.2d 461, 463-64 (1986) (observing, in the case involving disputed relationships among various notes and mortgages, as well as the extent of the associated security interests, that the appellate court cannot reweigh the evidence; rather, the reviewing court must resolve all disputed facts in favor of the successful party, indulge all reasonable inferences in support of a verdict, and disregard all evidence and inferences to the contrary). On the record before us, we cannot say that the inferences drawn by the district court were unreasonable. *See*

*generally Jurado v. Jurado*, 119 N.M. 522, 526, 892 P.2d 969, 973 (Ct. App. 1995) ("This Court indulges in all reasonable inferences that can be drawn from the evidence in support of the judgment.").

For the foregoing reasons, we reject Appellants' assertions of error, and summarily affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL E. VIGIL, Judge**