This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-38154**

**FIRST HORIZON HOME LOANS, a division
of First Tennessee Bank, N.A., and THE BANK
OF NEW YORK MELLON f/k/a THE BANK OF
NEW YORK, as Trustee for the FIRST
HORIZON MORTGAGE PASS-THROUGH
CERTIFICATES SERIES PHAMS 2006-FA1,**

      Plaintiffs-Appellees,

v.

**WILLIAM DENNY OLMSTED,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY
Matthew J. Wilson, District Judge**

McCarthy & Holthus, LLP
Jason C. Bousliman
Albuquerque, NM

for Appellee First Horizon Home Loans

Akerman LLP
Michael J. McKleroy, Jr.
Dallas, TX

Sayer Law Group, P.C.
Janelle G. Ewing
Waterloo, IA

for Appellee Bank of New York Mellon

Richard S. MacKenzie
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**IVES, Judge.**

**{1}** Defendant William Denny Olmsted appeals from the district court's denial of his motion to reconsider its judgment of foreclosure in favor of Plaintiff the Bank of New York. Finding no merit to any of Defendant's claims of error, we affirm.

**DISCUSSION**[1]

**{2}** We begin by addressing whether the district court erred in concluding that the Bank of New York had standing, a conclusion toward which several of Defendant's claims of error are directed. Although the district court was not entirely clear as to the basis for its conclusion on standing, reviewing that factual finding for substantial evidence, *see Bank of N.Y. v. Romero*, 2014-NMSC-007, ¶ 18, 320 P.3d 1, and recognizing that "[t]he presumption upon review favors the correctness of the trial court's actions," *Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063, we hold that substantial evidence supports that the Bank of New York had standing.

**{3}** On appeal, Defendant neither disputes that he executed a promissory note payable to First Horizon Home Loan Corporation, which later became FHHL, nor contends that the note was negotiated to another person before FHHL initiated this foreclosure action in 2009. *See generally* NMSA 1978, § 55-3-201(b) (1992) ("[I]f an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder."). Because our review of the record convinces us that substantial evidence supports that FHHL had possession of the note at that time, it follows that FHHL had standing at the start of the case as the holder of the note at that time. *See* NMSA 1978, § 55-1-201(b)(21)(A) (2005) (defining "holder" as "the

---

[1]Defendant argues that the district court should have dismissed this foreclosure action with prejudice when it (1) denied First Horizon Home Loans's (FHHL) motion for summary judgment, reasoning that there was a genuine dispute as to FHHL's standing; (2) found, in denying Defendant's motions for summary judgment, that there remained disputed facts as to standing; (3) set aside an earlier order substituting the Bank of New York for FHHL as the plaintiff under Rule 1-025(C) NMRA; and (4) denied a subsequent Rule 1-025(C) motion to substitute the Bank of New York for FHHL. Defendant concedes that these arguments are unpreserved but urges us to review them as jurisdictional challenges. *See generally* Rule 12-321 NMRA. But neither the denial of summary judgment nor the substitution of a party is a final judgment that could have affected the district court's jurisdiction. *See Thompson v. Potter*, 2012-NMCA-014, ¶ 5, 268 P.3d 57 ("The denial of a summary judgment motion is an interlocutory order and may be reconsidered by the district court at any time before final judgment."); *Daniels Ins., Inc. v. Daon Corp.*, 1987-NMCA-110, ¶ 15, 106 N.M. 328, 742 P.2d 540 ("Substitution of a successor in interest under Rule 1-025(C) is within the sound discretion of the trial court."); *Melnick v. State Farm Mut. Auto. Ins. Co.*, 1988-NMSC-012, ¶ 5, 106 N.M. 726, 749 P.2d 1105 ("A trial court has the inherent authority to reconsider its interlocutory orders, and it is not the duty of the trial court to perpetuate error when it realizes it has mistakenly ruled."). Insofar as the district court based any of these rulings on the notion that either FHHL or the Bank of New York had not made a prima facie case of standing, that notion supports the district court's exercise of jurisdiction in allowing the case to proceed to trial where the standing issue, among other genuine disputes of material fact, could be resolved on its merits. Accordingly, we reject Defendant's argument that the district court lacked subject matter jurisdiction to preside over the trial in this case.

person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession"); NMSA 1978, § 55-3-301 (1992) (providing that the "holder of [an] instrument" is a person entitled to enforce it); *Deutsche Bank Nat'l Tr. Co. v. Johnston*, 2016-NMSC-013, ¶ 14, 369 P.3d 1046 (explaining that "the UCC's definition of who may enforce a note" guides the determination of whether a particular plaintiff has established "an injury in fact sufficient to confer standing" to foreclose).

**{4}**    There is also substantial evidence in the record that, by the time of trial, the Bank of New York had standing because it had possession of the original note and had acquired FHHL's right to enforce it by indorsement. At trial, the Bank of New York demonstrated its right to enforce the note by producing the original note, which had a blank indorsement from the original payee, First Horizon Home Loan Corporation. *See Romero*, 2014-NMSC-007, ¶ 21 (explaining that, to establish standing, "a third party must prove both physical possession and the right to enforcement through either a proper indorsement or a transfer by negotiation" (emphasis omitted)); NMSA 1978, § 55-3-205(b) (1992) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."); § 55-3-201(a) (explaining that the result of "negotiation" is a change of the holder). Insofar as Defendant challenges the validity of the indorsement, his challenge amounts to an attack on the district court's weighing of the evidence, and we will not disturb the district court's exercise of its discretion when there is substantial evidence that FHHL indorsed the note in blank. *See First Nat'l Bank of Santa Fe v. Wood*, 1974-NMSC-031, ¶ 7, 86 N.M. 165, 521 P.2d 127 (stating the "long-standing rule" that, "where the evidence substantially supports the findings made by the trial court," the reviewing court "will not weigh the evidence, resolve conflicts therein, or pass on the credibility of the witness[es]").[2]

**{5}**    Having held that the evidence supports that (1) FHHL had standing when it filed its complaint and (2) the Bank of New York, following its joinder, established standing at trial,[3] we reject Defendant's standing challenge.

---

[2] We likewise reject Defendant's argument that the district court committed reversible error by crediting witness Edward Hyne's testimony about the indorsement.

[3] Defendant fails to develop an argument that, by joining a foreclosure action and establishing its holder status at summary judgment or trial as well as the transferor's status as the holder when the suit was filed, the transferee of a promissory note nevertheless fails to satisfy the "traditional procedural requirement that standing be established at the time of filing in mortgage foreclosure actions." *Johnston*, 2016-NMSC-013, ¶ 21. We therefore have no reason to conclude that this requirement was not met. *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8 (explaining that an appellant "must affirmatively demonstrate its assertion of error" to overcome the presumption against reversal). And although Defendant argues that the district court erred by joining the Bank of New York, Rule 1-025(C) permits joinder of a party to whom an interest under litigation has been transferred. In light of the permissiveness of joinder in the circumstance where a party to a lawsuit transfers its interest in the lawsuit to a third party, *cf.* 7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1958 (3d ed. 2022) (explaining that joinder under Federal Rule of Civil Procedure 25(c) "is merely a discretionary determination by the trial court that the transferee's presence would facilitate the conduct of the litigation"), and having already held that substantial evidence supports that FHHL negotiated the note to the Bank of New York while the case was pending, we see no reason to conclude that the district court

**{6}** Defendant's two remaining arguments relate to whether judgement for the Bank of New York is unfair to him because he lacked sufficient notice of the theory of entitlement to judgment on which it is based. First, Defendant argues that the district court erred by making findings and conclusions regarding issues not raised by the pleadings and tried without Defendant's express or implied consent, contrary to the requirements of Rule 1-015(B) NMRA for amending pleadings to conform to evidence. Second, Defendant argues that he did not have notice of the "legal theme" that the Bank of New York presented at trial and that the district court thus entered judgment for the Bank of New York without affording Defendant due process of law. However, elsewhere in his brief in chief, Defendant acknowledges that the theory the Bank of New York presented at trial is the theory he had defended against for the preceding nine years: that (1) FHHL had standing when it filed its complaint, (2) FHHL then negotiated the note to the Bank of New York, and (3) the Bank of New York thereby acquired standing. Because, by Defendant's own account, he had ample notice of the theory that the Bank of New York presented at trial, we reject Defendant's contentions that we must reverse to correct a procedural unfairness.

**CONCLUSION**

**{7}** We affirm.

**{8}** **IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**

---

erred by joining the Bank of New York. The parties litigated the need for the Bank of New York to become a party under Rule 1-025(C), among other procedural rules. Therefore, regardless of which rule the district court concluded was applicable, we conclude that it is not unfair to Defendant to affirm the joinder as right for any reason under Rule 1-025(C). *See Freeman v. Fairchild*, 2018-NMSC-023, ¶ 30, 416 P.3d 264; *cf. Tunis v. Country Club Ests. Homeowners Ass'n*, 2014-NMCA-025, ¶¶ 28-30, 318 P.3d 713 (concluding that it would have been unfair to the plaintiffs to affirm the dismissal of their suit based on arguments of the opposing party that neither the plaintiffs nor the district court had an opportunity to address).