This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40624

**TANOAN COMMUNITY ASSOCIATION, INC., a New Mexico non-profit corporation,**

Plaintiff,

v.

**BECKY ELLIS and DOUGLAS BARR,**

Defendants,

and

**COLONIAL SAVINGS F.A.,**

Defendant-Appellee,

and

**JAMES M. CURRY,**

Non-Party-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elaine P. Lujan, District Court Judge**

Rose L. Brand & Associates, P.C.
Elizabeth M. Dranttel
Eraina M. Edwards
Albuquerque, NM

for Appellee

James M. Curry
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     Non-Party Appellant, James Curry (Appellant), seeks review of the district court's order denying his Rule 1-060(B) NMRA motion. We issued a notice of proposed summary disposition proposing to affirm, and Appellant has responded with a timely memorandum in opposition. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm.

**{2}**     Because the relevant background information has previously been set forth, we avoid undue reiteration here, and instead focus on the content of the memorandum in opposition.

**{3}**     Appellant first argues that he was improperly designated a non-party by the district court, and in this Court as well. [MIO 2] However, as explained in the notice of proposed summary disposition, the final judgment of foreclosure was entered by the district court in this matter on August 8, 2019, and the order confirming the judicial sale was entered on May 20, 2020. [RP 497, 692] *See Speckner v. Riebold*, 1974-NMSC-029, ¶ 9, 86 N.M. 275, 523 P.2d 10 (stating that in a foreclosure case, there are two final, appealable orders: the foreclosure decree and the later order confirming the judicial sale). Appellant's outstanding motions or pleadings by which he sought to insert himself into the litigation were denied when the district court entered its final judgment. *See Stinson v. Berry*, 1997-NMCA-076, ¶ 8, 123 N.M. 482, 943 P.2d 129 ("Where there has been no formal expression concerning a motion, a ruling can be implied by entry of final judgment or by entry of an order inconsistent with the granting of the relief sought."). Appellant did not seek to appeal from either of these final orders in a timely manner, and we therefore do not have jurisdiction to review whether Appellant was properly denied intervention in the matter. *See* Rule 12-201(A)(2) NMRA (stating that an appeal must be filed within thirty days of a final order); *see also Govich v. N. Am. Sys., Inc.*, 1991-NMSC-061, ¶ 12, 112 N.M. 226, 814 P.2d 94 (stating that a timely notice of appeal is a mandatory precondition to the exercise of this Court's jurisdiction).

**{4}**     We next understand Appellant to contend that the August 8, 2019 stipulated order of foreclosure was deficient because neither Ironshore nor Becky Ellis (Ellis) were signatories. [MIO 2-3] In our notice of proposed summary disposition we noted that Appellant had advanced no basis in law by which he had standing to assert Ellis's interests. [CN 10-11] In response, Appellant states that he asserts Ellis's interests "on the grounds that Ellis did not sign and would not have if she had been asked, because the order contains a deficiency judgment risk when she had been told in writings in the record that it would not." [MIO 3] Appellant's speculations regarding what Ellis would or would not have done are insufficient to establish third-party standing. *See generally N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 13, 127 N.M. 654, 986 P.2d 450 (discussing the requirements to establish standing to assert an interest of a

third party). Additionally, Appellant has not established that Ironshore's consent, as the purported successor in interest to Tanoan Community Association, Inc. (Tanoan), was required. As discussed in the notice of proposed summary disposition, the district court denied Tanoan's motion to substitute Ironshore as a party, and such a decision was within the district court's discretion. *See* Rule 1-025(C) NMRA (stating that in case of any transfer of interest the action may be continued by or against the original party); *see also Daniels Ins., Inc. v. Daon Corp.*, 1987-NMCA-110, ¶ 15, 106 N.M. 328, 742 P.2d 540 (stating that Rule 1-025(C) is the applicable provision where a party commences an action but subsequently transfers its interests by assignment and stating that "[s]ubstitution of a successor in interest under Rule 1-025(C) is within the sound discretion of the trial court"). Accordingly, we reject these assertions of error.

**{5}** Appellant also continues to challenge the district court's determination of the priority of interests. [MIO 2, 3, 5-6] As explained in the notice of proposed summary disposition, this case involves an appeal from a denial from a Rule 1-060 (B) NMRA motion. Our review is therefore limited to the question whether the denial of the motion was erroneous, and we will not review the merits of the underlying judgment. *See James v. Brumlop*, 1980-NMCA-043, ¶ 9, 94 N.M. 291, 609 P.2d 1247 ("An appeal from the denial of a Rule [1-060(B)] motion cannot review the propriety of the judgment sought to be reopened; the trial court can be reversed only if it is found to have abused its discretion in refusing to grant the motion."); *see generally Resol. Tr. Corp. v. Ferri*, 1995-NMSC-055, ¶ 9, 120 N.M. 320, 901 P.2d 738 (explaining that Rule 1-060(B) "should not be used as a substitute for appeal"). We therefore do not address Appellant's arguments that the district court erred in determining the priority of interest in the underlying foreclosure case.

**{6}** We also reject Appellant's argument that he was improperly denied a right of redemption. [MIO 2, 6-7] A right of redemption is exercised through compliance with the requirements of NMSA 1978, Section 39-5-18 (2007), which governs the process by which a junior lienholder may redeem real estate following its sale pursuant to a judgment of foreclosure. Appellant has not established that he complied with the requirements of Section 39-5-18. Therefore the district court did not err in refusing address Appellant's redemption claim. *See Chapel v. Nevitt*, 2009-NMCA-017, ¶¶ 1, 27-30, 145 N.M. 674, 203 P.3d 889 (determining that in the absence of compliance with Section 39-5-18, the district court is not required to hold a hearing and issue a certificate of redemption).

**{7}** Finally, we reject Appellant's argument that the district court erred in denying his Rule 1-060(B) motion. [MIO 2] Appellant has not responded to our proposed disposition of this issue with any persuasive facts, law, or argument. *See generally Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Accordingly, we adhere to our initial assessment of this matter, and reject this assertion of error.

**{8}** For these reasons, and those stated in our notice of proposed summary disposition, we affirm the district court's order denying Appellant's Rule 1-060(B) motion.

**{9}** **IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**