**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 07 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RICHARD J. ZALAC,

              Plaintiff - Appellant,

  v.

CTX MORTGAGE CORPORATION, a
Delaware Corporation,

              Defendant,

  and

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, a United States
Government Sponsored Enterprise; et al.,

              Defendants - Appellees.

No. 13-35455

D.C. No. 2:12-cv-01474-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, Chief District Judge, Presiding

Argued and Submitted December 11, 2015
Seattle, Washington

---

    [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: HAWKINS and TALLMAN, Circuit Judges and LEFKOW,[**] Senior District Judge.

Plaintiff Richard Zalac ("Zalac") appeals the dismissal of his complaint against various entities that have serviced his loan, held the promissory note, or were otherwise involved in his mortgage loan, including J.P. Morgan Chase ("Chase"), Northwest Trustee Services, Inc. ("NWTS") and Mortgage Electronic Registration Systems, Inc. ("MERS"). We affirm.

The district court did not err by dismissing Zalac's claim for wrongful foreclosure in violation of the Washington Deed of Trust Act ("DTA"). No foreclosure sale was ever completed, and Washington law does not recognize a claim for the wrongful institution of foreclosure proceedings. *Frias v. Asset Foreclosure Servs., Inc.*, 334 P.3d 529, 534 (Wash. 2014).

Nor did the court err by dismissing Zalac's claim for violations of the Washington Consumer Protection Act ("CPA"). Although violations of the DTA may be actionable under the CPA, even absent a completed foreclosure sale, the plaintiff must allege facts supporting all the elements of an ordinary CPA claim, *id.* at 537-39, including "(1) an unfair or deceptive act (2) in trade or commerce (3) that affects the public interest, (4) injury to the plaintiff in his or her business or property, and (5) a

---

[**] The Honorable Joan Humphrey Lefkow, Senior District Judge for the U.S. District Court for the Northern District of Illinois, sitting by designation.

2

causal link between the unfair or deceptive act complained of and the injury suffered." *Trujillo v. Nw. Tr. Servs., Inc.*, 355 P.3d 1100, 1107 (Wash. 2015).

Zalac's amended complaint alleged violations of the CPA by Chase, NWTS and MERS stemming from "a course of conduct in recording and relying upon documents that it knew or should have known to be false and that have the capacity to deceive a substantial portion of the public." These allegations of deception stem from the separation of possession of the note from the "owner" of the underlying obligation: for example, Zalac alleges that "the identification of Chase as the 'holder' of the Note in the Notice of Default and Notice of Trustee's Sale was deceptive when Chase and [NWTS] knew or should have known that the actual holder was Fannie Mae or a yet unidentified securitized trust purportedly managed by Fannie Mae," and "MERS acted deceptively when it purports to act as 'the beneficiary under [the] security instrument' when it knows or should know that under Washington law it must hold the Note to be the beneficiary." But the Washington Supreme Court recently clarified that separation of note ownership from the note holder is now commonplace and a holder of an endorsed note[1]–is the beneficiary and entity with legal authority to enforce the obligation, foreclose, negotiate modifications, etc. *See Brown v. Wash. State Dep't*

---

[1] A note endorsed in blank is a note payable to bearer and is thus enforceable by the party in possession of such note. *See Brown*, 359 P.3d at 777.

3

*of Commerce*, 359 P.3d 771, 776-80, 789 (Wash. 2015). Chase was the holder because it possessed the endorsed note,[2] and thus had the power to appoint NWTS as trustee and direct it to issue the notice of trustee's sale. *See generally id.*

By holding the note, Chase was the true beneficiary under Washington law, and there was nothing unfair or deceptive about representing itself as such. Likewise, because NWTS was properly authorized by Chase to initiate the foreclosure, Zalac cannot explain how he was deceived or injured by NWTS's actions. Finally, although MERS was named as the initial beneficiary in the deed of trust, it had no connection to the foreclosure proceedings and can thus play no role in the causation of any of Zalac's purported damages. *See Bain v. Metro. Mortg. Grp., Inc.*, 285 P.3d 34, 52 (Wash. 2012) ("The mere fact MERS is listed on the deed of trust . . . is not itself an actionable injury"). In the end, Zalac's CPA claim also fails because he has not articulated how he has been injured as a result of any defendant's representations to him.

---

[2] Zalac has alleged no facts plausibly suggesting that Chase did not actually possess the note at all relevant times. Although his complaint states that Chase was not the note holder, we are not required to accept such naked assertions without supporting facts. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

4

With respect to Zalac's claim for criminal profiteering, Zalac has waived this issue by failing to include any argument on this claim in his opening brief. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).

**AFFIRMED.**