IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION ONE

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, | ) ) ) | No. 75837-3-I |
| Respondent, | ) ) ) ) | DIVISION ONE |
| v. | ) ) | |
| RICHARD J. ZALAC and SARAH A. ZALAC, | ) ) ) ) | |
| Appellants, | ) ) ) | |
| and | ) ) | |
| MORTGAGE ELECTRONIC REGISTRA-TION SYSTEMS, INC.; CTX MORTGAGE COMPANY, LLC; DOES 1-10 INCLUSIVE; UNKNOWN OCCUPANTS OF THE SUBJECT REAL PROPERTY; PARTIES IN POSSESSION OF THE SUBJECT REAL PROPERTY; PARTIES CLAIMING A RIGHT TO POSSESSION OF THE SUBJECT PROPERTY, | ) ) ) ) ) ) ) ) ) ) ) | UNPUBLISHED OPINION<br><br>FILED: December 11, 2017 |
| Defendants. | ) ) | |

BECKER, J. — The trial court properly dismissed this consumer protection claim against JPMorgan Chase Bank National Association and allowed Chase to proceed with a judicial foreclosure against the appellants. Appellants do not identify an unfair or deceptive act or practice. As the servicer of the loan, the

bank accurately informed the borrower that it was authorized to act on the note owner's behalf.

This court reviews a summary judgment order de novo, asking whether the record, viewed in favor of the nonmoving party, reveals no issues of material fact and demonstrates that judgment is proper as a matter of law. CR 56(c); Mahoney v. Shinpoch, 107 Wn.2d 679, 683, 732 P.2d 510 (1987).

Declarations and exhibits submitted to the trial court establish the underlying undisputed facts. Richard Zalac borrowed $352,500 from CTX Mortgage Company LLC in June 2005 to finance his Enumclaw home. To secure the loan, he executed a note and deed of trust. Sarah Zalac, Richard's wife, signed the deed of trust to perfect the lien. The note and deed of trust identified Zalac as the borrower, CTX as the lender, and Stewart Title as trustee. The designated beneficiary was Mortgage Electronic Registration Systems Inc. (MERS) as the nominee of the lender. Other relevant terms of the note and deed were:

- Zalac was required to make monthly payments of $2,029.19.

- Zalac agreed, "I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "'Note Holder.'"

- "The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the 'Loan Servicer') that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law."

Soon after the note and deed were finalized, CTX notified the Zalacs that the loan had been transferred to Countrywide Home Loans "for future servicing." The notice said, "This is a common practice in the mortgage industry and has no effect on the terms and conditions of your mortgage." In October 2006, Countrywide notified the Zalacs that servicing, including "the right to collect payments," had been transferred to Chase Home Finance LLC.

In 2010, the Zalacs experienced financial difficulty and defaulted on their monthly loan payments. They have made no payments since November 1, 2010. They considered selling their home to avoid foreclosure. The Zalacs wrote a letter asking Chase to identify the proper party with whom to negotiate their options. Their letter to Chase on December 1, 2010, said, "To advance the outright sale or short sale of our home, we will need proof that your respective organizations are the factual holders of our mortgages." Chase did not respond to this inquiry. Chase sent a letter reminding Zalac of the past-due payments.

Over the next two months, Chase received four more letters from Zalac requesting information about ownership of the note and asking for confirmation that Chase was the "legitimate holder" of the mortgage. Zalac alleged that Chase's failure to provide "an adequate response" and show "proof of ownership" was causing the Zalacs "hardship and injury." Meanwhile, Zalac conducted online research and learned that Federal National Mortgage Association ("Fannie Mae") claimed to be the current owner of the Zalac-CTX note.

A notice of default dated March 28, 2011, was sent to the Zalacs. Under a section titled "Contact Information for Beneficiary (Note Owner) and Loan

Servicer," the notice identified Chase as the "beneficiary of the deed of trust" and the "loan servicer." Confused by this notice, Zalac consulted attorneys "to help figure out whether Chase was the proper party to pay."

In a letter dated April 14, 2011, Chase informed the Zalacs that "Your loan was sold into a public security managed by FNMA A/A and may include a number of investors. As the servicer of your loan, Chase is authorized by the security to handle any related concerns on their behalf."

On February 3, 2012, MERS (the original beneficiary) transferred to Chase "all beneficial interest" under the deed of trust. Northwest Trustee became the trustee on the loan by appointment dated March 31, 2012.

In April 2012, Northwest Trustee issued a notice of trustee's sale setting the sale for July 20, 2012.

In July 2012, Zalac filed a complaint in King County Superior Court against Chase, among other defendants, alleging wrongful foreclosure under the deed of trust act, chapter 61.24 RCW, and violation of the Consumer Protection Act, chapter 19.86 RCW. The court entered an order restraining the defendants from conducting the trustee's sale, and the sale was cancelled.

The defendants removed the case to federal district court and then successfully moved for dismissal based on Zalac's failure to state a claim. Under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The district court ruled that Zalac had failed to allege a plausible claim. Zalac did not

contest that Chase had physical possession of the indorsed in blank note. Therefore, the court found, "Chase is the holder of the note as a matter of law. Further, despite the sale of Plaintiff's loan to Fannie Mae, Chase alerted Plaintiff that it remained servicer of his loan and was authorized to handle any of Plaintiff's concerns." Zalac v. CTX Mortg. Corp., No. C12-01474 MJP, 2013 WL 1990728 (W.D. Wash. May 13, 2013) (court order). The Ninth Circuit affirmed the district court's ruling. "By holding the note, Chase was the true beneficiary under Washington law, and there was nothing unfair or deceptive about representing itself as such." Zalac v. CTX Mortg. Corp., 628 F. App'x 522 (9th Cir. 2016) (mem.).

Chase filed the present suit in state court in June 2015, seeking a monetary judgment against Richard Zalac personally or a judgment against the property permitting Chase to proceed with a judicial foreclosure. The Zalacs raised affirmative defenses and a consumer protection counterclaim. Both parties moved for summary judgment. The trial court granted the bank's motion and dismissed the Zalacs' counterclaim.

The Zalacs timely appealed. The primary question is whether they have a viable consumer protection action against Chase. Chase contends the consumer protection claim is barred by res judicata as a result of the dismissal in federal court. The trial court, however, ruled on the merits rather than finding the claim to be precluded. Application of res judicata is arguably unjust because the standard applied by Washington courts to CR 12(b)(6) motions is less exacting than the standard articulated in Twombly. In this appeal, we do not need to

5

decide whether claim preclusion bars the action. Assuming it does not, the consumer protection claim still fails. The record lacks evidence that Chase committed an unfair or deceptive act, one of the five elements for which proof is required. Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780, 719 P.2d 531 (1986).

Whether a particular act or practice is unfair or deceptive is a question of law reviewed de novo. Bain v. Metro. Mortg. Grp., Inc., 175 Wn.2d 83, 116, 285 P.3d 34 (2012). Proof of an unfair or deceptive act or practice may be predicated on a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act not regulated by statute but in violation of public interest. Klem v. Wash. Mut. Bank, 176 Wn.2d 771, 787, 295 P.3d 1179 (2013). "Deception exists 'if there is a representation, omission or practice that is likely to mislead' a reasonable consumer." Panag v. Farmers Ins. Co. of Wash., 166 Wn.2d 27, 50, 204 P.3d 885 (2009), quoting Sw. Sunsites, Inc. v. Fed. Trade Comm'n, 785 F.2d 1431, 1435 (9th Cir. 1986). A communication may contain accurate information yet be deceptive. Panag, 166 Wn.2d at 50. And an act or practice can be unfair without being deceptive. Panag, 166 Wn.2d at 51; Klem, 176 Wn.2d at 787. Misrepresentation of the material terms of a transaction or the failure to disclose material terms violates the Consumer Protection Act. Bain, 175 Wn.2d at 116.

The Zalacs identify two allegedly deceptive actions by Chase: (1) the bank's failure to timely respond to their requests to identify the owner of the note and (2) the bank's act of providing purportedly inconsistent and incorrect

information as to ownership of the note. They contend that Chase's failure to provide the requested information understandably and in a timely manner is the type of unfair act the Consumer Protection Act is intended to remedy. We disagree with their analysis. The most the Zalacs have shown is that Chase engaged in poor customer service by not promptly responding to their requests for information. They have not shown that Chase made a representation or omission, or engaged in a practice, that was likely to mislead a reasonable consumer. Panag, 166 Wn.2d at 50. Nothing in the record here is comparable to the trustee's practices in Klem of false notarization and failure to use independent judgment. Nor is the case comparable to Bain, in which the court allowed a consumer protection claim to go forward against MERS for documents mischaracterizing MERS as the beneficiary. Bain, 175 Wn.2d at 117.

Instead, this case resembles Blair v. Nw. Tr. Servs., Inc., 193 Wn. App. 18, 24-25, 372 P.3d 172, review denied, 186 Wn.2d 1019 (2016). The crux of the borrower's complaint in Blair was that the defendants misrepresented Bank of America as the deed of trust beneficiary. Because the bank was not the beneficiary, the borrower argued, it had no lawful authority to appoint the trustee "and therefore the entire nonjudicial foreclosure was unlawful." Blair, 193 Wn. App. at 26. The trial court properly dismissed the claim on summary judgment. Given the bank's status as note holder, it was not a misrepresentation to characterize itself as a "beneficiary." Blair, 193 Wn. App. at 33-34.

The letter sent by Chase to Zalac on April 14, 2011, clearly identified Fannie Mae as the note owner and explained that Chase, as the servicer of the

loan, was authorized to handle any concerns on the owner's behalf. The Zalacs do not dispute that this information was true. The Zalacs may have been confused, but they do not show their confusion was the result of an unfair or deceptive act on the part of Chase.

Appellants' brief cited Handlin v. On-Site Manager, Inc., 187 Wn. App. 841, 351 P.3d 226 (2015), to show that the injury element is met. During oral argument before this court, appellants invoked Handlin to support their claim that the bank acted deceptively. The issue in that case was whether the plaintiff tenants had alleged sufficient facts in support of their consumer protection claim to survive a CR 12(b)(6) motion to dismiss. Handlin, 187 Wn. App. at 844. The parties disputed whether the injury element was met. Handlin, 187 Wn. App. at 848-49. We found that the Handlins had a right to use and possess information in the defendant reporting company's files and the company's alleged deprivation of that right, as stated in the complaint, was sufficient to establish an injury at the CR 12(b)(6) stage. Handlin, 187 Wn. App. at 850-51. We reversed an order dismissing the complaint. Handlin, 187 Wn. App. at 852. Handlin does not help the Zalacs. It involved a different procedural issue and a different element (injury) than the one we are concerned with (unfair or deceptive act). In any event, the Zalacs have not shown that Chase withheld information that the Zalacs were entitled to.

The Zalacs' failure to demonstrate a deceptive or unfair act is fatal to their consumer protection claim.

The Zalacs separately assign error to the trial court's ruling that the bank was entitled to a decree of judicial foreclosure.

Chase holds an indorsed in blank note authorizing Chase to collect payment on the loan. As discussed in Blair, the holder of a note is the deed of trust beneficiary and may proceed with foreclosure, even if another entity (such as Fannie Mae) owns a beneficial interest in the note. Blair, 193 Wn. App. at 32. In other words, "actual physical possession of the original note indorsed in blank conveys holder status under Washington law." Blair, 193 Wn. App. at 33.

The Zalacs contend that cases such as Blair, which involved interpretation of the definition of "note holder" in the Uniform Commercial Code, do not apply here because the definition of "note holder" in the Zalac-CTX note supersedes the code definition and Chase does not satisfy the definition in the note.

The note defines "note holder" as anyone who "takes this note by transfer" and "is entitled to receive payments" under the note. This definition does not clearly vary the rule that "actual physical possession of the original note indorsed in blank conveys holder status under Washington law." Blair, 193 Wn. App. at 33. Even assuming that it does, the Zalacs fail to demonstrate that there are remaining factual issues as to Chase's status as note holder under the definition provided in the note. The record does not support an inference that Chase did not take the note by transfer or is not entitled to receive payments under the note.

Affirmed.

WE CONCUR:

Becker, J.

Trickey, ACJ

Spearma, J.