# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| EVA MARIE ERICKSON, | No. 57044-1-II |
| Appellant, | |
| v. | |
| JEFF STENMAN; QUALITY LOAN SERVICE CORPORATION OF WASHINGTON; NATIONSTAR MORTGAGE LLC, d/b/a, MR. COOPER; | UNPUBLISHED OPINION |
| Respondents, | |
| and | |
| CATRINA WOODFORD, EMPLOYEE OF NATIONSTAR LLC, | |
| Defendant. | |

GLASGOW, C.J.—Eva Erickson's father purchased a piece of real property in 2005. Three years later, he defaulted on his loan, and foreclosure proceedings began. During that time, Erickson's father passed away. The estate entered probate, but probate was later closed due to lack of prosecution. Erickson filed a complaint against Nationstar Mortgage shortly before the property was sold in 2021. The trial court granted Nationstar's subsequent motion to dismiss on the basis that Erickson did not have any real interest in the property and therefore lacked standing.

Erickson appeals, making numerous arguments. Because we agree with the trial court that Erickson lacked standing, we affirm the trial court's order dismissing her second amended complaint.

FACTS

In 2005, Ryan Erickson, Eva Erickson's father, purchased a piece of real property. He obtained a $232,000 loan secured by a deed of trust on the real property. In 2008, Ryan[1] went into default on the loan. In September 2021, a final notice of sale was recorded setting a foreclosure sale date for November. Erickson filed a 99 page complaint against Jeff Stenman, Quality Loan Service Corporation of Washington, and Nationstar Mortgage LLC, the loan servicer, on December 13, 2021, but she did not seek to enjoin the foreclosure sale. On December 22, 2021, the property was sold in foreclosure.

After the trial court granted Nationstar's motion for a more definite statement, Erickson filed a second amended complaint. The complaint alleged more than 36 causes of action related to the property, including the following: that Nationstar did not hold the Note and Deed of Trust at the time of foreclosure, that Nationstar committed fraud, that a company called Countrywide violated a payment plan with Ryan, and that Nationstar is not registered to do business in Washington. Erickson asked the trial court to set aside the foreclosure, order Nationstar to deliver the "wet ink" note to Erickson stamped "paid in full," and award damages against Nationstar. Clerk's Papers (CP) at 1141, 1144.

In her complaint, Erickson stated that Ryan passed away in 2014, leaving her as the sole heir and owner of the property. Ryan's estate was submitted to probate after his death and then ordered closed for lack of prosecution in September 2018. No final judgment distributing property was entered.

---

[1] Because Ryan and Eva Erickson share a last name, we refer to him by first name for clarity.

Nationstar moved to dismiss Erickson's complaint in March 2022. Nationstar contended, among other things, that Erickson lacked standing to bring suit because she did not have any real interest in the property. The trial court agreed, reasoning that it reviewed the probate for Ryan's estate. The trial court found that the probate court entered an order declaring Ryan's estate insolvent, requiring full court intervention powers, and identifying the property as an asset. The trial court concluded, "[T]he probate estate does not have any indication that the real estate interest was transferred to Ms. Erickson." Verbatim Rep. of Proc. at 52. In addition, Erickson's second amended complaint stated that the probate had been closed for lack of prosecution. Accordingly, the trial court dismissed Erickson's complaint with prejudice. Erickson moved for reconsideration, which the trial court denied.

Erickson appeals the order dismissing her case.

ANALYSIS

Erickson argues that the trial court erred by dismissing her complaint based on lack of standing. We disagree.

A trial court may dismiss a complaint if the pleading fails to state a claim upon which relief can be granted. CR 12(b)(6). Under CR 12(b)(6), a court is justified in dismissing a complaint "if it appears beyond doubt that the plaintiffs cannot prove any set of facts that would justify recovery." *Handlin v. On-Site Manager Inc.*, 187 Wn. App. 841, 845, 351 P.3d 226 (2015) (citing *Tenore v. AT & T Wireless Servs.*, 136 Wn.2d 322, 330, 962 P.2d 104 (1998)). Dismissal is appropriate "'only in the unusual case in which plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.'" *Nissen v. Pierce County*, 183, Wn.2d 863, 872, 357 P.3d 45 (2015) (internal quotation marks omitted) (quoting *Hoffer v. State*, 110

Wn.2d 415, 420, 755 P.2d 781 (1988)). We review an order granting a motion to dismiss de novo. *Hoffer*, 110 Wn.2d at 420. On review, we presume that the factual allegations in the complaint are true, but we are not required to accept any legal conclusions as correct.[2] *Haberman v. Wash. Pub. Power Supply Sys.*, 109 Wn.2d 107, 120, 744 P.2d 1032 (1987).

Principles of standing are intended to prevent one party from asserting another's legal right. *West v. Thurston County*, 144 Wn. App. 573, 578, 183 P.3d 346 (2008). Standing is a question of law we review de novo. *In re Est. of Becker*, 177 Wn.2d 242, 246, 298 P.3d 720 (2013); *Knight v. City of Yelm*, 173 Wn.2d 325, 336, 267 P.3d 973 (2011). To establish standing, a party must have "a specific personal interest in the controversy" and a distinct interest in the outcome of the case. *E. Gig Harbor Improvement Ass'n v. Pierce County*, 106 Wn.2d 707, 710, 724 P.2d 1009 (1986). *See Timberlane Homeowners Ass'n. v. Brame*, 79 Wn. App. 303, 307, 901 P.2d 1074 (1995). A party must demonstrate that it has "a real interest in the subject matter of the lawsuit, that is, a present, substantial interest, as distinguished from a mere expectancy, or future, contingent interest, and the party must show that a benefit will accrue it by the relief granted." *In re Petition to Declare County Rd.*, 63 Wn. App. 900, 907, 823 P.2d 1116 (1992).

Erickson fails to establish standing to challenge the foreclosure of the property. It is undisputed that she is the daughter and heir of Ryan, but that fact provided only a future, contingent interest in the property. Absent a showing that the property was distributed to Erickson during probate, she cannot show a real present interest in the property. An heir apparent right to a decedent's property "depends upon the outcome of probate proceedings," including the resolution

---

[2] In her brief, Erickson refers to the trial court's decision as one on summary judgment. But the record does not support her contention.

of creditors' claims. And although an heir has an immediate interest in a decedent's property upon death, that interest is subject to the administration of probate. *In re Est. of Haviland*, 177 Wn.2d 68, 80, 301 P.3d 31 (2013). Here, Erickson admits in her second amended complaint and the record reflects that Ryan's estate entered probate but probate was closed due to the representative's failure to appear at mandatory hearings. No final judgment distributing the property was entered.

Erickson does not dispute these facts. Rather, she contends that Consumer Financial Protection Bureau regulations provide her standing. Specifically, she quotes the Bureau's website as stating "when family members inherit property, they take over the mortgage without jumping through necessary hoops." Br. of Appellant at 40. This quote does Erickson no favors because she did not inherit the property.

Erickson also cites *Koppler v. Bugge*, 168 Wn. 182, 11 P.2d 236 (1932) and *United States v. Lee*, 106 U.S. 196, 1 S. Ct. 240, 27 L. Ed. 171 (1882) in support of her argument that she has standing. However, these cases are not helpful to her because neither case deals with standing. *United States. v. Lee* involved whether a plea of sovereign immunity by officials could be sustained in a suit by a landowner who had right of possession. *Koppler* involved the determination of superior mortgage on a property. Erickson fails to show how these cases, or any fact in evidence, provide her standing. Accordingly, we hold that the trial court did not err by concluding that she lacked standing to bring suit.

Erickson also argues that the trial court had a conflict of interest which prevented it from being fair and impartial. Erickson contends that the investments in judicial pensions rely on the success of mortgage financial companies and therefore the trial court here was motivated to rule

against her. Nothing in the record supports Erickson's claims about judicial pensions nor does the record evince any judicial bias during the proceedings of the case. Erickson's argument fails.

Erickson's remaining arguments on appeal are reiterations of her claims below. All of her arguments are related to the property and her contention that its foreclosure sale was improper. Because Erickson fails to establish any real present legal interest in the property she, lacks standing to challenge the foreclosure. Accordingly, we do not reach the merits of these arguments.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Cruser, A.C.J.

Che, J.